## Threlkeld v. Walker.

(Decided January 25, 1911.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

Pleading—Fraud—Relation of Trust.—In pleading a relation of trust and fraud based thereon, facts must be stated showing the trusteeship and fraud. A mortgagee is not the trustee of the mortgagor, and where the property mortgaged is sold in proceedings by a mechanics lien holder to enforce his lien, and the mortgagee takes an assignment of the lien holders bid, and secures a deed to the property, he does not hold the property in trust for the mortgagor in the absence of a showing that he actually purchased the property with the understanding that he should so hold it.

MYERS & HOWARD, for appellant.

ROBERT F. GRAY, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The appellant, Fannie M. Threlkeld, brought this action against appellee, Eliphalet Walker, to recover certain property subject to the payment of appellee's mortgage thereon. The court sustained a demurrer to her petition and the petition as amended. Having declined to plead further, her petition as amended was dismissed. From that judgment she appeals.

The petition charges, in substance, that, on February 22d, 1901, the appellant was the owner in fee of certain described real property lying in Kenton county; that on February 27th, 1901, one F. S. Gottschalk instituted an action against appellant and others, wherein he sought to subject the property in controversy to the payment of a mechanic's lien for the sum of $80.44; that on October 1, 1900, appellant, together with her husband, had mortgaged to appellee the property to secure the payment of the sum of $1,000, with interest, due in three years from the date of said mortgage; that said Walker was made a party defendant to the action, but did not answer or otherwise appear in said action; that said Walker was given said deed, and under the same took possession of said tract of land, and thereafter sold and conveyed it and parted with possession of the same; that the report of the sale in said action was rendered under the style of P. S. Gottschalk v. W. C. Threlkeld, et al.,

vol. 141—47

instead of F. S. Gottschalk; that at the time of the filing of said action and of the entry of judgment and order of sale thereunder, and at the time of the execution of the deed to Walker, and at the time Walker took possession thereof, the fair market value of said property was $6,-000; that appellant was at all times mentioned in the petition a married woman; that she had no other estate except the real estate, and no other means or income of any kind; that since that time she had been in a condition of want; that at the time all the steps were taken in the action, she was wholly in ignorance of the same, and did not know of any right on her part to redeem until long after Walker was in possession of said real estate; that she never believed or understood that the action of Gottschalk against her involved the sale of her real estate; that the transaction by which appellee Walker obtained possession and title of and to said real estate was a fraudulent one on his part and with the purpose and intention of obtaining possession of and title to her real estate, without any consideration; that by said transaction said Walker, instead of asserting his mortgage lien and having a sale thereunder, took the corpus of the mortgaged estate, and that thereby her whole estate was swept away, to the profit of said Walker, and that she is left destitute; that said sale, assignment and possession constitute an unconscionable, oppressive, wrongful and fraudulent transaction, by which appellant was deceived, despoiled and wronged; that said Walker, in taking said assignment, deed, possession and title, took only as trustee for appellant, and is entitled out of the value of said real estate only to the amount of his mortgage, with interest, and to the sum paid by him to Gottschalk, with interest thereon; and that he is liable to appellant for the difference between the aggregate of his claim and the real value of the real estate. Judgment was prayed accordingly. After the demurrer had been sustained to the foregoing petition, appellant amended her petition, and charged that appellee Walker gained possession of said property by virtue of said judgment, which, with interest and costs, amounted to less than $75; that at the time he was the holder of a mortgage upon said property securing the payment of a note of $1,000, which was not then due; that he had attempted in this manner to obtain possession of and legal title to said property by uniting the alleged title attempted to be assigned to him in said Gottschalk's case with his equitable lien, and thus to obviate the necessity of demand

upon her for payment of his lien note or the enforcement of his mortgage lien securing the same, and that he was in possession of said property by virtue of his mortgage; that the defendant had refused and still refused to accept the payment of his lien note or to release said mortgage upon payment thereof, claiming that his equitable lien had ripened into a legal title by virtue of the assignment of the $75 bid, and was asserting absolute title and ownership of said property. Appellant further charged that she had no opportunity to pay and discharge said mortgage note; that she had had no opportunity to assert her rights or to protect her interests; that by reason of said oppressive, unconscionable, wrongful and fraudulent transaction, and of her ignorance of such matters, appellee had appropriated to himself and holds the entire corpus of her estate and the income and benefits thereof since taking possession of the same; by reason whereof she had been damaged in the sum of $5,000.

Upon this appeal it is insisted that the facts alleged in the petition and amended petition present a case for the intervention of the chancellor, and in this connection it is urged that the rule "once a mortgage always a mortgage" applies. So far as the allegations of the petition and amended petition show, however, appellee is not holding the property by virtue of his mortgage. He acquired title by assignment from Gottschalk, the purchaser of the property. The sale was confirmed and deed made to him. When that was done his mortgage lien was merged into the legal title thus acquired. It is not charged that the sale was void. The only irregularity complained of is that the report of sale was made in the name of P. S. Gottschalk v. Threlkeld, instead of F. S. Gottschalk, the real name of the plaintiff. Even an irregularity of that kind was not sufficient to render the judgment erroneous.

The record shows that appellant filed her original petition in the year 1907. She thus waited for several years after the sale had been confirmed and the deed made to appellee. She now appeals to the chancellor on the ground that she was ignorant of her rights, and that appellee in purchasing the property acted as her trustee. Appellant, if sufficient grounds existed therefor, might within proper time have applied for a new trial under section 342 of the Civil Code, or she might have proceeded under section 518 for fraud, if any, practiced by the successful party in obtaining the judgment; or for unavoidable casualty or misfortune which prevented her

from appearing or defending. So far as the petition and amended petition show, she neglected to take any steps in the original action; she did not object to the confirmation of the sale on the ground of inadequacy of price, accompanied by fraud on the part of the purchaser; nor has she proceeded under section 518 of the Civil Code. While appellant charges appellee with all sorts of fraud, and with the fact that he, in purchasing the property, acted as trustee for her, she states no facts tending to show fraud or trusteeship. Without a showing on her part that appellee had agreed with her to purchase the property for her benefit, or of facts from which it could be reasonably inferred that he was acting in the capacity of trustee, there is nothing upon which to base the allegations of the petition. There is nothing in the relation of mortgagor and mortgagee that would make the mortgagee a trustee for the mortgagor. Such relationship is not one of trust or confidence. On the contrary, the interests of the mortgagor and mortgagee are hostile and adverse.

Having failed to state facts going to show that, in purchasing the property, Walker acted as her agent or trustee; or that he, by any act of his, prevented her from acquiring the property, or lulled her into the belief that he intended to act for her benefit in making the purchase, we are constrained to agree with the chancellor in his conclusion, that neither the petition nor the petition as amended stated any cause of action against appellee.

Judgment affirmed.